IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN MITCHELL DIVER,         )
                               )
          Petitioner,          )
                               )
     v.                        )     1:11CV225
                               )
BUTCH JACKSON,                 )
                               )
          Respondent.          )

**MEMORANDUM OPINION AND ORDER**

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On November 13, 2006, in the Superior Court of Chatham County, Petitioner pled guilty to two counts of attempted first degree statutory sex offense, one count of taking indecent liberties with a child, and one count of solicitation of a child by computer to commit an unlawful sex act in cases 06 CRS 50471-72. (Id. §§ 1, 2, 5, 6; see also Docket Entry 5, Exs. 1, 2.) He received a sentence in the mitigated range of 151 to 191 months of imprisonment. (Docket Entry 5, Ex. 2; see also Docket Entry 1, § 3.) Petitioner did not file any direct appeal. (See Docket Entry 1, § 8.)

On August 10, 2010, Petitioner did file a motion for appropriate relief in Chatham County, which that court denied. (Docket Entry 1, § 11(a); see also Docket Entry 5, Exs. 4, 5.) He then filed a petition for certiorari with the North Carolina Court of Appeals, which that court denied on January 13, 2011. (Docket

Entry 1, § 11(b); see also Docket Entry 5, Exs. 6, 8.) Petitioner subsequently filed his instant Petition, which he dated as signed and mailed on March 15, 2011. (Docket Entry 1 at 14.)[1] The Court stamped the Petition as filed on March 21, 2011. (Id. at 1.) Respondent has moved for summary judgment and Petitioner has responded. (Docket Entries 4, 7.) Petitioner also filed a letter motion inquiring about the possibility of the Court ordering personnel at his current prison and any prison to which he might be transferred to provide him with legal size envelopes. (Docket Entry 16.) Respondent responded in opposition. (Docket Entry 17.) The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 10.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] beyond the one-year limitation period imposed by 28

---

[1] Page citations to this document refer to the pagination placed in the footer upon its filing in the Court's CM/ECF system.

[2] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the
(continued...)

U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B) or (C) of § 2244(d)(1) apply in this case, but the parties disagree about whether subparagraph (A) or (D) controls the case. Under subparagraph (A), which Respondent asks the Court to apply, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct

---

²(...continued)
date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). For purposes of that provision, the Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended.

As already noted, Petitioner pled guilty on November 13, 2006, received a sentence in the mitigated range, and did not file a direct appeal. Respondent contends, and Petitioner does not disagree, that Petitioner's convictions became final on that day because he had no right to a direct appeal under North Carolina law. As a result, under subparagraph (A), Petitioner's time to file a petition in this Court began to run on that day and expired a year later on November 13, 2007, without Petitioner having made any filing in any court. He did later make filings in the state courts beginning in August of 2010, but such filings could not restart or revive the expired filing period. Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). The Petition was not filed until March of 2011. If the Petition is judged under subparagraph (A), it is clearly out of time.

Petitioner argues that the Court should apply subparagraph (D) which states that a petitioner's time to file can begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). This provision establishes an objective, rather than subjective, test. Wood v. Spencer, 487 F.3d 1, 5 (1st Cir. 2007). Thus, it focuses on what a defendant fairly could have known, not what he actually did or did not know.

-4-

Id. Also, the test "does not require the maximum feasible diligence but only due, or reasonable diligence." Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004) (internal quotation marks omitted). "Due diligence means the petitioner 'must show some good reason why he or she was unable to discover the facts' at an earlier date." Melson v. Allen, 548 F.3d 993, 999 (11th Cir. 2008) (quoting In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997)), cert. granted and judgment vacated on other grounds, 130 S. Ct. 3491 (2010).

Petitioner contends that the factual predicate underlying his claim could not have been discovered using reasonable diligence prior to June of 2010. Petitioner's only claim asserts that he received ineffective assistance of counsel because his attorney improperly advised him to plead guilty by incorrectly telling him that the crimes with which he was charged were strict liability crimes, which Petitioner says they are not. (Docket Entry 1, § 12.) Petitioner states that, upon his conviction and immediate incarceration, he had no access to sources of law, libraries, or the internet, and, because he lacked legal training or education, he had to rely on other inmates for legal materials and knowledge, all of which circumstances precluded him from learning the predicate for his claim until June of 2010. (Id. § 18; Docket Entry 7 at 3-5; Docket Entry 8, ¶¶ 4, 5.)

Petitioner's argument gives an overly broad interpretation to the term "factual predicate" as used in § 2244(d)(1)(D). The alleged facts underlying his claim are that (1) his attorney

-5-

advised him that he should plead guilty because his charges were strict liability crimes and (2) he followed the advice and pled guilty. He must have actually known of both of these facts at the time he pled guilty. Petitioner merely contends that he could not have learned until years later that his counsel's advice was allegedly incorrect. Essentially, Petitioner "proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

"Factual predicate" "mean[s] evidentiary facts or events and not court rulings or legal consequences of the facts." Brackett v. United States, 270 F.3d 60, 69 (1st Cir. 2001). To agree with Petitioner's argument would essentially eviscerate § 2244's statute of limitations because very few prisoners are lawyers or have sufficient legal knowledge to appreciate the significance of all of the facts of their case. Owens, 235 F.3d at 359. The Court thus will not adopt Petitioner's overly broad interpretation of the term "factual predicate" in subparagraph (D). Instead, the Court concludes that the facts underlying his claim were the advice of counsel and his guilty plea, matters about which he had knowledge at the time his conviction became final. As a result, the Petition is not timely under § 2244(d)(1)(D).

In the interest of affording Petitioner the full benefit of liberal construction, the Court also will address Petitioner's arguments of ignorance and a lack of resources as a request for

-6-

equitable tolling, which the Supreme Court has ruled applicable to the one-year limitation period, Holland v. Florida, 560 U.S. \_\_\_\_, \_\_, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation, however, do not constitute grounds for equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Nor do prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004); Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009). The lack of law libraries also does not allow for equitable tolling because North Carolina Prisoner Legal Services (NCPLS) represents prisoners in lieu of them having law libraries. See Burgess v. Herron, No. 1:11CV420, 2011 WL 5289769, at *2 (M.D.N.C. Nov. 2, 2011) (unpublished), recommendation adopted, slip op. (M.D.N.C. Dec. 1, 2011). Petitioner does not specifically allege that he attempted to enlist the aid of NCPLS, but such claims generally will not support an equitable tolling claim in any event. Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. August 1,

2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished).[3]

In sum, Petitioner is not entitled to equitable tolling, his Petition is untimely, and will be dismissed.[4]

**IT IS THEREFORE ORDERED** that Petitioner's letter motion (Docket Entry 16) is denied, that Respondent's Motion for Summary Judgment (Docket Entry 4) is granted, that the Petition (Docket Entry 1) is denied, and that this action be, and the same hereby is, dismissed. The Court will enter a judgment of dismissal.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 1, 2013

---

[3] Of course a failure to at least attempt to utilize this resource would constitute a lack diligence on Petitioner's part. In that vein, Petitioner's assertions of diligence overall do not suffice. He does not set out what efforts he made to discover his claim during the years between his conviction and the filing of his motion for appropriate relief or explain how he suddenly succeeded in 2010, but could not have succeeded before. This lack of diligence would defeat his arguments whether considered under § 2244(d)(1)(D) or in relation to equitable tolling.

[4] Given this determination, the Court will not address Respondent's arguments for dismissal on the merits. Further, in light of both the untimeliness of the Petition and Petitioner's failure to demonstrate entitlement to the injunctive relief adverted to in his letter motion, the Court will deny that request as well.